UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER M. EVANS, | ) |
| Petitioner, | ) Civil No. 23-11287-LTS |
| v. | ) |
| THE COLLIER COUNTY JAIL, | ) |
| Respondent. | ) |

**ORDER**
June 12, 2023

SOROKIN, J.

Alexander Michael Evans, while in custody at the Collier County Jail in Seminole, Florida, filed a *pro se* pleading that states, in part, that he is "involving [his] rights under the treaty of peace & friendship." Doc. No. 1. The first paragraph of Evan's pleading references his efforts to determine the legal basis for his confinement and the remainder of the pleading consist of an explanation of the Moroccan-American treating of peace and friendship of 1976. Id. Evans states that he has "asked [his] kidnapper & commander (sic) under what law they are operating." Id.

The Court construes the initiating pleading as a petition for writ of habeas corpus, and as such, the Court lacks jurisdiction because Evans is not confined in the District of Massachusetts, but rather in the Middle District of Florida. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (holding that habeas corpus jurisdiction lies in district of confinement); 28 U.S.C. §2241(a) ("Writs of habeas corpus may be granted by…the district court[]…within [its]…jurisdiction[]"). Because this court lacks jurisdiction over the petition, "the court shall, if it is in the interest of

justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.  The Court rules that it is not in the interest of justice to transfer this petition inasmuch as Evans seeks release based upon the Treaty of Peace and Friendship which has never been recognized as a jurisdictional basis for habeas relief.  See Jones-El v. South Carolina, No. 5:13-cv-01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (rejecting claim based on status as Moorish American and reliance on the Treaty of Peace and Friendship "whether raised under § 2254, § 2241, or by way of a civil complaint").

      Accordingly, the petition is DENIED and the action is DISMISSED for lack of jurisdiction.  The Court is directed to enter a separate order of dismissal and notify Evans by mail at his address of record.

                              SO ORDERED.

                              /s/ Leo T. Sorokin
                              Leo T. Sorokin
                              United States District Judge